IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES WILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 22-00259-CV-W-BP |
| | ) | |
| DOTHAN SECURITY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is a Motion to Dismiss filed by Defendant Dothan Security, Inc. ("Dothan"). The motion, (Doc. 14), is **GRANTED**.

## I. BACKGROUND

In June 2020, Plaintiff filed a charge of discrimination under the Missouri Human Rights Act, (the "MHRA"), with the Missouri Commission on Human Rights, (the "MCHR"), against DSI Security Services in Dothan, Alabama, which has been a name used to refer to Dothan. (Doc. 15-1, p. 2.)[1] In April 2021, the MCHR issued Plaintiff a Right to Sue Letter that named Dothan as the respondent, reiterated its address in Alabama, and identified its attorneys. (Doc. 15-2.)

Plaintiff filed suit in state court in July 2021, asserting claims under the MHRA. He named as defendants Silgan Dispensing Systems, ("Silgan"),[2] and DSI Defender Security & Investigation Services, ("DSI"), which is a different company from, and has no connection to, Dothan. Silgan removed the case to federal court in September 2021, and the case was assigned

---

[1] All page numbers are those generated by the Court's CM/ECF System.

[2] Plaintiff filed a separate charge alleging Silgan was a joint employer; Plaintiff's claims against Silgan are not presently at issue.

Case No. 21-0667-CV-W-BP. Silgan's Notice of Removal explained DSI and Dothan are different, unrelated entities; Silgan had contracted with Dothan but not DSI for security services; and further reported its attorneys had advised Plaintiff's counsel of the discrepancy. (Case No. 21-0667, Doc. 1, p. 1 n.1.) The Notice of Removal contended DSI was fraudulently joined because it was the "wrong" defendant so its citizenship could be disregarded for purposes of determining whether jurisdiction existed. The Court directed the parties to provide briefing addressing the Court's jurisdiction, explaining, *inter alia*, "the issue of fraudulent joinder needs to be addressed more fully." (Case No. 21-0667, Doc. 6, p. 1.) Plaintiff responded with his own Motion to Remand, arguing in part that DSI was not fraudulently joined because he had alleged facts demonstrating DSI could be his joint employer. (Case No. 21-0667, Doc. 9, pp. 8-10.) Silgan's response reiterated that DSI and Dothan were different companies, it had contracted with Dothan and not DSI, and Plaintiff had named the wrong one. (Case No. 21-0667, Doc. 12.) Plaintiff did not file Reply Suggestions, and in December 2021 the Court granted the Motion to Remand because it could not rely on facts outside the pleadings (such as Silgan's contracts and other representations it had contracted with Dothan and not DSI) to resolve the viability of Plaintiff's claim against DSI. (Case No. 21-0667, Doc. 13.)

In April 2022 – more than three months after the case was remanded – Plaintiff filed an Amended Petition in state court. The Amended Petition removed DSI as a defendant and inserted Dothan. The case was again removed.[3] Now pending is Dothan's Motion to Dismiss, which alleges Plaintiff's claim was not timely filed. The motion, (Doc. 14), is **GRANTED**.

---

[3] While diversity of citizenship was not present when the case was originally filed, as explained in more detail in an earlier Order the Court still has jurisdiction because Plaintiff voluntarily dismissed DSI. (*See* Doc. 9, p. 1 n.1.)

## II. DISCUSSION

Under Rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); *see also Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).

Dismissal based on an affirmative defense is permissible if the materials the Court can consider establish that the defense exists. *E.g., C.H. Robinson Worldwide, Inc. v. Lobrano,* 695 F.3d 758, 763-64 (8th Cir. 2012). And here, the Court has previously held it may consider filings in this Court (including those related to the initial removal), filings in state court, and the relevant administrative records because these materials are amenable to judicial notice and in many instances were embraced by the pleadings. (Doc. 22.)

As stated earlier, Plaintiff's claims are based on the MHRA. To assert an MHRA claim, Plaintiff was required to, among other things, file a charge with the MCHR, obtain a Right to Sue Letter, then sue "within ninety days of the issuance of the Right to Sue Letter . . . ." *Farrow v. St. Francis Med. Ctr.*, 407 S.W.3d 579, 591 (Mo. 2013) (en banc) (citing Mo. Rev. Stat. § 213.111). Plaintiff obtained the Right to Sue Letter in April 2021 and did not sue Dothan until

3

Case 4:22-cv-00259-BP   Document 25   Filed 10/13/22   Page 3 of 6

April 2022 – well more than the ninety-day period prescribed in the MHRA. His claim is therefore untimely.

Plaintiff does not dispute this analysis. He invokes Rule 15(c) of the Federal Rules of Civil Procedure to argue the April 2022 amendment adding Dothan relates back to his original filing of the suit in July 2021, so his claim against Dothan is timely.[4] As relevant here, Rule 15(c) states an amendment relates back to the date of the original pleading's filing if the subsequently-added party (here, Dothan) received notice of the case and knew or should have known that, but for a mistake by the plaintiff, the plaintiff would have sued it instead of the party that was originally named. Plaintiff speculates Dothan may have known that Plaintiff filed suit against DSI despite really intending to name Dothan, and therefore dismissal is inappropriate. The Court disagrees.

The Supreme Court has held the starting point for purposes of this analysis is the defendant's knowledge; specifically, whether the defendant "knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 547 (2010). However, that inquiry presupposes the plaintiff made an error instead of a conscious choice. Rule 15(c)(1)(C)(ii) states the defendant must know "that the action would have been brought against it, *but for a mistake concerning the property party's identity*." (Emphasis supplied.) In this regard, *Krupski* observed "[a] deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id*. at 549. Relying on *Krupski*, the Eighth Circuit has held an intentional decision to name a particular party

---

[4] As Plaintiff points out, Missouri has a similar rule, Rule 55.33(c). The Court will focus on the federal rule because the parties do so, neither party suggests Missouri's rule controls, and the rules are the same in all relevant respects.

instead of another is not a mistake under Rule 15. *Heglund v. Aitkin County*, 871 F.3d 572, 579-80 (8th Cir. 2017).

Here, Plaintiff filed an administrative complaint against Dothan in June 2020 and received a Right to Sue Letter in April 2021. Both the administrative charge and the Right to Sue Letter identified Dothan's address in Alabama. Nonetheless, in July 2021 Plaintiff filed suit against DSI (a company with no connection to Alabama) instead of Dothan. There is no suggestion that this was a mistake; to the contrary, there is no explanation for Plaintiff's decision whatsoever. Nonetheless, other information establishes this was a conscious choice (and not a mistake) by Plaintiff. Shortly before removing the case the first time, Silgan brought the matter to Plaintiff's attention, (Case No. 21-0667, Doc. 12-2), and reiterated the issue in its Notice of Removal. (Case No. 21-0667, Doc. 1.) In response to the Court's Order directing the parties to address whether DSI was fraudulently joined, Plaintiff did not state he had made a mistake; instead, he persisted in arguing the Petition contained allegations that DSI was liable. Thereafter, Silgan again set forth the facts establishing DSI and Dothan were different companies and DSI likely had nothing to do with this suit. (Case No. 21-0667, Doc. 12.) Plaintiff did not file anything further, and the case was remanded.

Thus, not only has Plaintiff failed to provide a basis for concluding it made a mistake instead of a conscious choice in naming DSI as a defendant, but the information in the Record demonstrates Plaintiff purposely and intentionally sued DSI. Plaintiff named DSI despite originally naming Dothan in his administrative charge. He was advised of the situation before the case was removed and did not act. He was advised of the situation in the Notice of Removal and in Silgan's briefing, and he affirmatively stated his intent to proceed against DSI. Plaintiff

intentionally chose to sue DSI and therefore cannot claim he made the type of mistake that would permit application of Rule 15(c).

### III.  CONCLUSION

Plaintiff's claim against Dothan was not filed within ninety days of the issuance of a Right to Sue Letter.  Therefore, Plaintiff's claim against Dothan is time-barred and must be dismissed.

**IT IS SO ORDERED.**

Date: October 13, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT